IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PLANET HOME LENDING, LLC** | ) |
| | ) |
| v. | ) Civ. Action No. 1:25-00547-KD-N |
| | ) |
| **JAMES MICHAEL COOLEY,** | ) |
| Et al. | ) |
| | ) |

## ORDER

This action is before the Court on Plaintiff Planet Home Lending, LLC's ("Planet") motion for service by publication, filed on February 9, 2026. (Doc. 16).[1] Planet moves the Court to allow service pursuant to Rule 4.3(c) of the Alabama Rules of Civil Procedure. (Doc. 16, PageID.136).

Alabama Rules provide for service by publication when:

> a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication. … The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance.

Ala. R. Civ. P. 4.3(c).

Alabama courts have noted that Rule 4.3 requires more than the inability to find the defendant. Specifically, movants must demonstrate an "element of

---

[1] The District Judge assigned to this case has referred this action to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1). *See* S.D. Ala. GenLR 72. (2/10/2026 electronic reference).

culpability on the part of the defendant" to show avoidance. *See Volcano Enterprises, Inc. v. Rush*, 155 So.3d 213, 218 (Ala. 2014) (citing 1977 Committee Comments, Rule 4.3, Ala. R. Civ. P.).

In support of their motion, Planet submits an affidavit describing three attempts to serve Defendant James Michael Cooley at an address in Millry, Alabama. However, the affidavit indicates that Cooley was unlikely to have been home during two of those three attempts. (*See* Doc. 16-1, PageID.138) (server notes indicate no car was present at the location). On the third attempt, the server simply noted: "[n]o answer at door." (*Id.*).

As submitted, the requirements of Rule 4.3, Ala. R. Civ. P., are not met.[2] The Court "cannot license the use of service by publication without the presentation of more evidence of the avoidance of service than was presented" here. *Rush*, 155 So. 3d at 220. Accordingly, Plaintiff's motion (Doc. 16) is **DENIED** without prejudice.

**DONE** and **ORDERED** this 18th Day of February, 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff presents no argument regarding judicial foreclosure.