**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PLANET HOME LENDING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:25-cv-547-KD-N** |
| **JAMES MICHAEL COOLEY,** | ) | |
| ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Presently before the Court are Plaintiff's "Second Motion for Service of Process by Publication" (Doc. 24) and Plaintiff's third "Motion for Service of Process by Publication" (Doc. 30), hereinafter referred to as "Motions".[1]  By way of the Motions, Plaintiff seeks approval to serve process by publication on the central Defendant in this foreclosure action, James Michael Cooley, the subject borrower / mortgagor.

Plaintiff invokes Fed R. Civ. P. 4(e)(1)[2] to argue for service by publication under Ala. R. Civ. P. 4.3(c) (avoidance of service). Motions at 1. Before service by publication can be made under this rule,

> an affidavit of a party or the party's counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, the identity of the defendant is unknown, or, the

---

[1] The Motions were referred to the undersigned Magistrate Judge pursuant to Fed. R. Civ. P. 72 and S.D. Ala. GenLR 72(a)(2)(S) & (b). See docket sheet reference notations dated 4/8/2026 and 6/17/2026.

[2] Plaintiff mistakenly cited "Rule 4(h)(1) of the Federal Rules of Civil Procedure" instead of Rule 4(e)(1).

1

resident defendant has been absent for more than thirty (30) days since the filing of the complaint, or, the defendant avoids service, averring facts showing such avoidance.

Ala. R. Civ. P. 4.3(d)(1). Plaintiff has not filed such an affidavit with the Court. Plaintiff filed two documents entitled "Return of Due Diligence" (Doc. 24-1 and Doc. 30-2), but these were not sworn before a Notary Public and do not bear the signature and seal of a Notary. Also, these documents were not submitted in the proper form of an unsworn declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746.

In addition, Plaintiff has failed to "aver specific facts of avoidance" that would support service by publication in this instance. "The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance." Ala. R. Civ. P. 4.3(c). *See also Volcano Enters., Inc. v. Rush*, 155 So. 3d 213, 220 (Ala. 2014) ("[T]he mere inability to find a defendant is not a sufficient ground for service by publication. Without implicating the 'substantial constitutional questions' relating to due process referenced in the Committee Comments to Rule 4.2, Ala. R. Civ. P., we cannot license the use of service by publication without the presentation of more evidence of the avoidance of service than was presented by Rush in this case.")

Furthermore, Plaintiff's Motions fail to address whether service by publication under Ala. R. Civ. P. 4.3 might be superseded by "specific procedure[s] for publication as set forth in certain statutes governing special proceedings (e.g., attachment, in rem action to quiet title)" as described in Ala. R. Civ. P. 4.3(a)(2).

2

For these reasons, the Motions (Doc. 24 and Doc. 30) are **DENIED**. The Court notes that other avenues of service are available to Plaintiff. In addition to service via a private process server, other options include service by the U.S. Marshal's office and service via commercial carrier. See Fed. R. Civ. P. 4(c)(3) and Ala. R. Civ. P. 4(i)(3). Should Plaintiff utilize the commercial carrier option, strict adherence to Rule 4(i)(3) is required. *Young v. Hamner*, 2026 WL 1041965 at *5 (Ala. Civ. App. Apr. 17, 2026). For example, Plaintiff would need to (1) immediately file with the Court a proper "Affidavit of Delivery to a Commercial Carrier" per Rule 4(i)(3)(B)(ii) and (2) timely file the requisite "Proof of Service by Commercial Carrier" per Rule 4(i)(3)(C).

**DONE** and **ORDERED** this the 30th day of June 2026.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

3